IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                                )
                                      )
VICKI RAY MITCHEM,                    )   Case No. 03-62954
                                      )
         Debtor.                      )

## MEMORANDUM OPINION

The Chapter 7 trustee objects to debtor Vicki Mitchem's claim of exemption for periodic maintenance in the amount of $1,250.00 per month. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below I will overrule the trustee's objection.

## FACTUAL BACKGROUND

On January 28, 1993, debtor Vicki Mitchem's marriage to Paul Edwin Mitchem was dissolved by the Circuit Court of Greene County, Missouri. The Decree of Dissolution provided that Paul would pay to Vicki the sum of $1,250.00 per month as and for modifiable- periodic maintenance to terminate on the death or remarriage of Vicki. The parties agree that this is maintenance, and that Paul has made all payments in a timely manner since the divorce. On December 3, 2003, Vicki filed a Chapter 13 bankruptcy petition, which this Court converted to Chapter 7 on December 18, 2003. Vicki claimed

as exempt Paul's monthly payments to her. The trustee objected to this claim on the grounds that the State of Missouri only allows an exemption for maintenance in the amount of $500.00 per month. On April 15, 2004, this Court held a hearing. At the hearing the trustee and counsel for Vicki agreed that this is a purely legal issue, and presented no evidence other than the Decree of Dissolution. The trustee makes two arguments. The first is that all post-petition maintenance payments that are owed pursuant to a prepetition decree are an asset of the bankruptcy estate subject to any available exemptions. Alternatively, the trustee argues that section 541(a)(5) of the Bankruptcy Code (the Code) provides for the capture by the estate of nonexempt-maintenance payments received for the first 180 days postpetition. In either case, the trustee contends that, to the extent the maintenance obligation is an asset of the estate, the debtor may only claim $500.00 per month as exempt property.

## DISCUSSION

The State of Missouri opted out of the federal exemption scheme as provided by section 522(d) of the Code and section 513.427 of Missouri's Revised Statutes.[1] While Missouri allows an exemption for maintenance, it limits the amount:

> 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
>
> . . .

---

[1] *In re Mitchell*, 73 B.R. 93, 94 (Bankr. E.D. Mo. 1987).

>> (10) Such person's right to receive :
>
>> . . .
>
>> (d) Alimony, support or separate maintenance, not to exceed five hundred dollars a month.[2]

The trustee contends that Vicki's right to receive maintenance postpetition accrued prepetition and is, thus, an asset of the bankruptcy estate, subject to an allowed exemption of $500.00 per month. He, therefore, asks this Court to order Vicki to turn over to the trustee, each month, the sum of $750.00. But the exemption provisions only apply as to property that would have been property of the estate. So the issue is whether a debtor's right to receive maintenance comes into the estate in the first instance.

In *Peters v. Wise (In re Wise)*,[3] the trustee sought turnover of maintenance payments received during the 180-day period following commencement of debtor's bankruptcy case. The Tenth Circuit held that an award of spousal maintenance in Colorado is a personal statutory right, not a property right, therefore, the right does not become an asset of the bankruptcy estate.[4] The Tenth Circuit further explained that a right to maintenance is a right to income in the future, and cannot be converted by the trustee into an existing asset.[5] Several bankruptcy courts, including this one, have ruled that the right to alimony is, by its

---

[2] Mo. Stat. Ann. § 513.430.1(10)(d).

[3] 346 F.3d 1239 (10th Cir. 2003).

[4] *Id.* at 1242.

[5] *Id.*

3

nature,

a personal and not a property right that, therefore, does not come into the bankruptcy estate.[6] Such cases recognize that maintenance or alimony is awarded to pay for the necessities of life and is generally modifiable if circumstances change, if either spouse dies, or if the spouse awarded maintenance remarries. As a result, a party's right to receive maintenance does not vest until each maintenance payment is due and payable. Thus, in *In re Willett*,[7] the court held that a debtor's right to future alimony payments is not subject to sale by the trustee. And, in *Glasser v. Rogers*,[8] the court held that a divorced wife's bankruptcy trustee is not entitled to the wife's right to alimony, since alimony is not assignable or salable by the trustee and could not be liquidated.[9]

In Missouri, an award of maintenance is generally modifiable upon a substantial change of circumstances, upon the death of either party, or upon the remarriage of the party receiving maintenance.[10]

Alternatively, the trustee claims that the payments Vicki will receive for the first 180 days postpetition are an asset of the estate to the extent such payments exceed $500.00 per

---

[6] *Burger v. Stonitsch (In re Burger),* 34 B.R. 467, 468 (Bankr. W.D. Mo. 1983) (*citing Murray v. Zuke*, 408 F.2d 483, 487 (8th Cir. 1969)).

[7] 20 F.2d 149, 149 (N.D. Ill. 1926).

[8] 53 F. Supp. 668 (S.D. N.Y. 1943).

[9] *Id.* at 670.

[10] Mo. Stat. Ann. § 452.370 (2003).

4

month. Section 541(a)(5) of the Code provides that certain property a debtor acquires within 180 days of the petition becomes property of the estate, if such property would have been property of the estate if acquired prepetition:

> (a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . .
>
> (5)   Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> (A)   by bequest, device, or inheritance;
>
> (B)   as a result of a property settlement agreement with debtor's spouse, or of an interlocutory or final divorce decree; or
>
> (C)   as beneficiary of a life insurance policy or of a death benefit plan.[11]

The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) dealt with this specific issue in *Kelly v. Jeter (In re Jeter)*.[12] In that case the trustee moved to compel turnover of alimony received within 180 days of the bankruptcy filing. The BAP concluded that, by its plain language, section 541(a)(5) is only applicable to property obtained through a property

---

[11] 11 U.S.C. § 541(a)(5).

[12] 257 B.R. 907 (B.A.P. 8th Cir. 2001).

settlement, and not to maintenance.[13] This comports with the Tenth Circuit's holding that maintenance is a personal statutory right analogous to income, not a property right, and that the right to receive maintenance arises each month as the payment is due. Thus, section 541(a)(5) is not applicable to the right to receive maintenance payments. I will, therefore, overrule the trustee's objection to Vicki's claim of exemption.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: April 28, 2004

COPY TO: J. KEVIN CHECKETT, TRUSTEE
KENNETH REYNOLDS, ATTORNEY FOR DEBTOR

---

[13] *Id.* at 910.